COMMONWEALTH *vs.* JOHN J. NETTIS.

Suffolk. September 8, 1994. - October 6, 1994.

Present: LIACOS, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Mistrial, Verdict, Polling of jury. *Jury and Jurors.*

A single justice of this court properly denied the Commonwealth's petition under G. L. c. 211, § 3, seeking relief from a trial judge's declaration of a mistrial in a criminal case, where the judge correctly polled the jury in circumstances in which one juror was indicating her dissent as the foreperson was reporting a guilty verdicts and where the judge acted within his discretion in setting aside the improperly recorded verdict because the jury had not agreed unanimously. [717-720]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on June 21, 1993.

The case was heard by *Wilkins,* J.

*Gregory I. Massing,* Assistant Attorney General, for the Commonwealth.

*Roy H. Anderson* for the defendant.

NOLAN, J. This case requires us to consider whether a single justice of this court improperly denied the Commonwealth's petition for relief where the trial judge declared a mistrial after the verdict had been affirmed and recorded because the jury had not agreed unanimously to the verdict in open court. There was no error in the single justice's denial of the Commonwealth's petition for relief because the judge committed no error in polling the jury and in subsequently declaring a mistrial.

We note the following facts. The defendant was tried, along with a codefendant, before a jury of twelve persons in the Hampden County Superior Court on an indictment charging armed assault with intent to murder. On May 19,

1993, the jury began deliberations. On May 22, 1993, the jury notified the trial judge that they had reached a verdict regarding both defendants. After informing the clerk that the jury had agreed on a verdict, the foreperson handed the court officer the verdict slips. The clerk then took the verdict slips. The colloquy set forth below followed.[1]

In a sworn affidavit, counsel for the codefendant stated that while the foreperson was reporting the "guilty" verdict to the court, one juror (juror X) shook her head in disagreement with the verdict and said, "No," to the juror sitting next to her. Counsel for the codefendant also stated in his affidavit that when the clerk asked the jury if their verdict was "guilty," once again juror X visibly shook her head from side to side in the negative and mouthed the word, "No." Immediately after the clerk had finished taking the verdict, counsel for the defendant requested the judge to poll the jury. The judge denied the motion and the clerk recorded the verdict.[2]

Subsequently, the judge allowed the defendant's request to poll the jury after considering the circumstances and case law. When the clerk polled juror X, she stated that her verdict was "Not guilty," even though she had voted "Guilty" in the jury room. The judge then instructed the jury to return to the jury room to determine whether there was una-

---

[1]THE CLERK: "May they be recorded, your Honor?"

THE JUDGE: "They may be recorded."

THE CLERK: "Madam Forelady, Members of the Jury, harken to your verdicts as the Court will now record them. On indictment number 92-163 you the Jury find the Defendant John J. Nettis guilty of armed assault with intent to murder. So say you, Madam Forelady?"

THE FORELADY: "Yes, I do."

THE CLERK: "So say you, Members of the Jury?"

THE JURY: "Yes."

THE CLERK: "Was this verdict unanimous?"

THE JURY: "Yes."

[2]The verdict slip that was filed in the Hampden County Superior Court on May 22, 1993, states that the defendant was found guilty. In addition, in response to the codefendant's motion to record the verdict before the jury were polled, the judge stated that, "I think I have already allowed recordation of [the] verdict[ ]."

nimity among all the jurors to continue deliberations. After the jury concluded that they were unable to agree unanimously to continue deliberations, the judge declared a mistrial.

The Commonwealth brought a petition for relief before a single justice of this court under G. L. c. 211, § 3 (1992 ed.). On November 17, 1993, the single justice denied the Commonwealth's petition for relief. The Commonwealth appeals from the decision of the single justice.

1. The Commonwealth's first contention is that the single justice improperly denied its petition pursuant to G. L. c. 211, § 3, seeking relief from the judge's declaration of a mistrial. The proper standard of review of a single justice's order is whether the single justice committed an abuse of discretion or a clear error of law. *Miranda* v. *Commonwealth*, 392 Mass. 420, 421-422 (1984). "To facilitate this determination, this court previously has exercised its power of review under c. 211, § 3, to examine the merits of the case presented to the trial judge." *Planned Parenthood League of Mass., Inc.* v. *Operation Rescue*, 406 Mass. 701, 709 n.7 (1990), citing *Parents of Two Minors* v. *Bristol Div. of the Juvenile Court Dep't*, 397 Mass. 846, 851 (1986). Accordingly, we begin with an examination of the judge's determinations.

2. The Commonwealth argues that the judge erred in declaring a mistrial because the verdict at trial became final after the jury had returned a guilty verdict, the foreperson had attested to the guilty verdict in open court, and the clerk had recorded the verdict.

Rule 27 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 897 (1979), provides: "RETURN. The verdict shall be unanimous. It shall be a general verdict returned by the jury to the judge in open court. The jury shall file a verdict slip with the clerk upon the return of the verdict." In addition, we have stated: "The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as

the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction of the court." *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). Public affirmation in open court is decisive because it "provides safeguards against mistakes." *A Juvenile* v. *Commonwealth*, 392 Mass. 52, 57 (1984).

The Commonwealth argues that a recorded jury verdict is final. See *Commonwealth* v. *Martell*, 407 Mass. 288, 289-290, 294-295 (1990). In *Martell*, however, we concluded that the verdict was final because the juror had expressed her dissent to the verdict only after she had publicly affirmed the verdict and, therefore, we found that the trial judge had committed no error in denying the defendant's motion for a mistrial. *Id.* The public disagreement of the juror during the affirmation process distinguishes the present case from our decision in *Martell*. In the present case, juror X publicly indicated her dissent to the verdict while the foreperson was reporting the guilty verdict to the court by clearly saying, "No" to the juror sitting beside her and by shaking her head back and forth in disagreement with the verdict. It is clear, therefore, that the verdict was not unanimous and should not have been recorded. *Lawrence* v. *Stearns, supra* at 502. As a result, the judge acted within his discretion in setting aside the recorded verdict because the entire jury did not agree unanimously on the verdict. *A Juvenile* v. *Commonwealth, supra* at 55. Mass R. Crim. P. 27 (d), 378 Mass. 897 (1979).[3]

3. The Commonwealth next argues that the judge did not have the authority to poll the jury because the verdict had already been affirmed and recorded. In support of its contention, the Commonwealth refers to rule 27 (d), which states in pertinent part: "When a verdict is returned and before the

---

[3]We have stated that a verdict should not be recorded if any juror expresses his dissent to the verdict in open court. *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). In addition, this court previously has determined that a recorded verdict may be set aside where the entire jury did not agree unanimously on the verdict in open court. *Rich* v. *Finley*, 325 Mass. 99, 105-106 (1949).

verdict is recorded, the jury may be polled in the discretion of the judge." The Commonwealth also relies on *Commonwealth* v. *Brown*, 367 Mass. 24, 28 (1975), where we stated that a trial judge's power to instruct the jury and send them out for further deliberation or to declare a mistrial, "terminates when the verdict is affirmed and recorded."

Our decision in *Brown*, however, is not instructive in the present case because the jury never unanimously affirmed the verdict in public. *Commonwealth* v. *Brown*, *supra* at 28. We have held that a verdict already recorded may be set aside if the entire jury did not agree unanimously on the verdict in open court. *Rich* v. *Finley*, 325 Mass. 99, 105-106 (1949). See note 3, *supra*. As a result, the judge's polling of the jury was proper, even though the verdict already had been recorded, because the jury had not agreed unanimously to the verdict in open court.

4. Finally, the Commonwealth argues that the trial judge abused the polling procedure when he permitted the juror to change her vote from guilty to not guilty. The Commonwealth would have us declare that, once the jury have agreed on a verdict in the jury room, then a juror may not change his mind regarding the verdict. We are not inclined in this direction.

We have stated that the purpose of the public affirmation is to provide, "each juror [with] an . . . opportunity to express his dissent to the court, in case his decision has been mistaken or misrepresented by the foreman or his fellows . . . . Such an affirmation is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict." *Lawrence* v. *Stearns*, *supra* at 502. The polling procedure serves a similar purpose because it provides each juror with an opportunity, "to change his mind about a verdict to which he has agreed in the jury room." *United States* v. *Shepherd*, 576 F.2d 719, 724 (7th Cir.), cert. denied, 439 U.S. 852 (1978). See *Audette* v. *Isaksen Fishing Corp.*, 789 F.2d 956, 958, 961 (1st Cir. 1986).

The single justice's denial of relief is affirmed. There was no error in the trial judge's polling the jury and declaring a mistrial.

*So ordered.*