JOSEPH P. GIBSON *vs.* COMMONWEALTH. April 8, 1997. *Supreme Judicial Court. Motor Vehicle,* Operating under the influence.

The petitioner, who had sought relief from an interlocutory ruling in the Superior Court denying a motion to dismiss, now appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of relief under G. L. c. 211, § 3.

The petitioner, in an effort to establish, as rule 2:21 requires, "why

review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means," argues that he "is being forced to defend a case whose prosecution is barred much like a double jeopardy case." He sought to dismiss that portion of the pending charges alleging he had been driving while under the influence of alcohol, claiming that under G. L. c. 90, § 24 (1) (*e*), the results of his breathalyzer test mandated his immediate release, and any prosecution thereunder halted.

In denying the motion at issue the Superior Court judge noted that Gibson's breath test results (from tests approximately three hours after the alleged offense) fell within the range of "the statutory permissible inference that he was not under the influence of alcohol," but concluded that that inference did not apply because the evidence was not obtained "at the time of the alleged offense," as specified in G. L. c. 90, § 24 (1) (*e*). Moreover, the judge concluded there was probable cause to arrest Gibson (based at least on an odor of alcohol on Gibson's breath, the presence of beer cans in his truck, and the condition of the vehicle).

The petitioner's argument that this element of his prosecution is barred; that it could influence a fact finder's view of a second indictment charging reckless driving that caused the death of another person; and that it cannot be cured in the regular course of appeal does not demonstrate that the single justice committed an abuse of discretion or a clear error of law. See *Commonwealth* v. *Nettis*, 418 Mass. 715, 717 (1994).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William P. O'Donnell* for the defendant.

*Timothy Flaherty*, Assistant District Attorney, for the Commonwealth.