## COMMONWEALTH *vs.* DARREN LAWSON.

Suffolk. April 9, 1997. - July 22, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Jury and Jurors. Practice, Criminal,* Verdict. *Evidence,* Videotape.

In the circumstances of a criminal trial in which the defendant neither objected to the jury's verdicts being received nor requested that the jurors be polled, and in which there was no showing of disagreement by any juror with the verdicts as announced by the foreperson and proclaimed by the clerk in open court, the verdicts were properly affirmed and there was no substantial risk of a miscarriage of justice. [531-532]

At a criminal trial, there was no error or abuse of discretion in the judge's refusal to admit a videotape of the scene of the crime made almost one and one-half years after the incident in question on the day after the victim testified which was not proffered as a fair and accurate representation of the premises on the date of the crime. [532-533]

INDICTMENTS found and returned in the Superior Court Department on October 6, 1992.

The cases were tried before *Charles M. Grabau,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After trial by jury, Darren Lawson was convicted on two indictments charging kidnapping, two indictments charging aggravated rape, and one indictment charging assault by means of a dangerous weapon. In the Appeals Court, the defendant argued that the jury's failure collectively to affirm the verdicts orally in open court rendered the verdicts void or invalid. In a memorandum and order issued pursuant to its rule 1:28, the Appeals Court affirmed the convictions. See 41 Mass. App. Ct. 1116 (1996). We granted the defendant's application for further appellate review. We conclude, as did the Appeals

Court, that in these circumstances and in the absence of any showing of disagreement by any juror with the verdicts as announced by the foreperson and proclaimed by the clerk in open court, the verdicts were properly affirmed by the jury. We affirm the convictions.[1]

We need not recite the facts in detail. From the evidence, the jurors could have found that the defendant kidnapped and raped the victim at gunpoint. The defendant admitted to the rape[2] and his admission was corroborated by substantial physical evidence.

1. *Collective oral affirmation.* The clerk received the verdicts in open court by a colloquy as set forth below.[3] We note that the procedure followed in returning the verdicts fully accorded with the requirements of Mass. R. Crim. P. 27 (a), 378 Mass. 897

---

[1] The defendant also was convicted on two indictments charging assault and battery and one indictment charging larceny under $250. These convictions were placed on file on the Commonwealth's recommendation. The record does not indicate that the defendant consented to the filing of these convictions. We consider all the defendant's convictions on the issues raised. However, the convictions placed on file are remanded to the Superior Court for sentencing unless the defendant consents to their being placed on file. See *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 797 n.1 (1992); *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975).

[2] The victim received two letters from the defendant. The defense stipulated that the defendant had written these letters. In one of the letters the defendant admitted that he had raped the victim and that "[e]verything that she said in her story was true."

[3] THE CLERK: "Members of the jury, have you agreed upon your verdicts?"

THE FOREPERSON: "Yes."

THE CLERK: "Do you wish to see the slips, your honor?"

THE JUDGE: "Yes, I do."

THE CLERK: "What say you, Madam Foreperson, as to Indictment Number 92-11682, offense 001, charging the defendant . . . with kidnapping, is he guilty or not guilty?"

THE FOREPERSON: "Guilty."

THE CLERK: "Your Honor, do you wish the verdict affirmed?"

THE JUDGE: "Affirm the verdict, please."

THE CLERK: "Members of the jury, harken to your verdict, as the Court has recorded it. You upon your oaths do say that [the defendant] is guilty as charged to offense 001 of Indictment Number 92-11682, so say you one, so say you all, members of the jury."

The clerk then proceeded to query the foreperson as to the next indictment. After the foreperson's announcement of the verdict on each indictment, the clerk repeated the proclamation above with only minor variations in the wording as to each indictment. The transcript does not indicate any oral or physical manifestation of affirmance by the entire panel.

(1979), and the defendant does not argue otherwise.[4] However, the defendant claims that decisional law establishes that a jury verdict is invalid unless orally affirmed by all the jurors.[5] See, e.g., *Commonwealth* v. *Morgan*, 30 Mass. App. Ct. 685, 696 (1991), and cases cited.

We have said that "[t]he only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction of the court. . . . [T]he verdict is to be affirmed in open court, as the unanimous act of the jury, and in presence of the whole panel, so that each juror has an opportunity to express his dissent to the court, in case his decision has been mistaken or misrepresented by the foreman or his fellows, or in case he has been forced into acquiescence by improper means. Such an affirmation is the only evidence the court can receive of the free and unanimous assent of the jury to the verdict." *Lawrence* v. *Stearns*, 11 Pick. 501, 502 (1831). See *Commonwealth* v. *Roby*, 12 Pick. 496, 515 (1832) ("it was not the right of the party to have the jury polled, and that when the jury openly, deliberately and unanimously assented to the verdict, when called on for that purpose, it afforded all the evidence of unanimity which can reasonably be required"); *Ropps* v. *Barker*, 4 Pick. 239, 242 (1826) ("When the jury have found a verdict substantially, it is read to them in form. If any juror does not agree to it when so read, he may express his dissent, and the jury may retire and revise the verdict. But if, when asked in the usual manner whether they

[4]Rule 27 (a) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 897 (1979), provides: "RETURN. The verdict shall be unanimous. It shall be a general verdict returned by the jury to the judge in open court. The jury shall file a verdict slip with the clerk upon the return of the verdict."

[5]In this court, the defendant argues that oral affirmation by the entire jury must be "embraced within the 'trial by jury' guarantees of [arts.] 12 and 15 of the Declaration of Rights." This issue is not properly before us because it was not made to the Appeals Court. See *Commonwealth* v. *Trowbridge*, 419 Mass. 750, 752 (1995); *Commonwealth* v. *Lombard*, 419 Mass. 585, 593 (1995). Nevertheless, we deny the defendant's request that we give "[r]ecognition [to] the constitutional stature of the rule of collective oral affirmation of a verdict by the entire jury [and require] automatic reversal of a conviction grounded on a purported verdict which has not been so affirmed," as unprecedented as a constitutional principle.

agree to the verdict, they all answer in the affirmative, it will be sufficient to authorize it to be recorded").

We never have squarely confronted the issue whether that affirmation must be orally or physically expressed by all the jurors in order for a verdict to be valid. See, e.g., *Commonwealth v. Robles*, 423 Mass. 62, 72 (1996) (judge properly allowed Commonwealth's motion "to correct the record on appeal so that it properly reflected oral affirmation of the verdict by all twelve jurors"); *Commonwealth v. Dias*, 419 Mass. 698, 701-702 (1995) (jury deemed to have orally affirmed verdict unanimously despite one juror's inadequately disclosed disagreement with the verdict); *Commonwealth v. Nettis*, 418 Mass. 715, 718-719 (1994) (no error in setting aside recorded verdict and polling jury where juror indicated public disagreement during the affirmation process); *Commonwealth v. Martell*, 407 Mass. 288, 291-293 (1990) (verdict held valid despite irregularity in its "minuting" where foreperson's public announcement of the verdict and jurors' unequivocal indication of concurrence accorded with proper procedure).

Because the defendant did not object to the verdicts when received, nor did he request that the jurors be polled, we limit our review to the issue whether there was a substantial risk of a miscarriage of justice. See *Robles, supra* at 72 n.15. We conclude that there was no substantial risk of a miscarriage of justice.

When the verdicts were returned, the judge first examined the verdict slips and determined that they were in proper form. Then after the foreperson announced each verdict in open court, the clerk addressed the entire panel: "Members of the jury, harken to your verdict, as the Court has recorded it. You upon your oaths do say that [the defendant] is guilty as charged . . . so say you one, so say you all, members of the jury." The jurors were afforded ample opportunity to express their dissent with each verdict as it was returned. Cf. *Nettis, supra* at 716. "Each juror had an opportunity to object to the verdict when it was announced in open court, and no juror objected . . . ." *Dias, supra* at 701-702. In these circumstances, we think the requisite public affirmance of jury unanimity may be inferred from the lack of any evidence of juror dissent.

The defendant argues that during deliberations, one juror indicated to the judge her concern regarding a disagreement with the other jurors. The defendant urges us to conclude from

that fact there was a substantial risk of a miscarriage of justice. We do not agree. The judge properly informed the juror that she was "entitled to her separate opinion" and should "vote her conscience," and the juror agreed to continue with deliberations. We decline to draw the conclusion that this juror ultimately disagreed with the verdicts as announced in open court. Whatever disagreement that a juror may have secretly entertained but did not indicate in open court may not be the basis for reversal. Compare *Dias, supra* at 701-703, and *Martell, supra* at 294-295, with *Nettis, supra* at 718. In the defendant's letters to the victim, he confessed to raping her and affirmed the truth of her version of the events underlying the convictions. In these circumstances, we conclude that there was no substantial risk of a miscarriage of justice. See, e.g., *Commonwealth* v. *Griffith*, 404 Mass. 256, 260 & n.4 (1989).

We repeat that to ensure that the verdict is unanimous and to avoid the potential for mistakes, the better practice is to obtain "a clear sign of each juror's assent to the announced verdict, by polling the jurors or otherwise." *Dias, supra* at 703. See *Commonwealth* v. *Floyd P.*, 415 Mass. 826, 829-830 n.5 (1993) ("A judge should observe the jury while they affirm their verdict in open court. If it appears that a juror does not agree with the verdict, inquiry should be made or the jury . . . polled").[6]

We conclude that the foreperson's announcement and the clerk's proclamation of the guilty verdicts in the presence of the entire jury in open court, the lack of a public indication of disagreement by any juror, and the notation of the guilty verdicts on the written verdict slips constitute sufficient evidence of the unanimity and validity of the verdicts.

2. *Exclusion of videotape.*[7] On appeal to the Appeals Court, the defendant raised one other issue which does not require much discussion. See *Commonwealth* v. *Lombard*, 419 Mass. 585, 593 (1995). See also *Commonwealth* v. *Trowbridge*, 419

---

[6] In the record, a judge may indicate, if relevant, that the jurors nodded in agreement when the verdict was announced.

[7] The judge also refused defense counsel's request to have the videotape marked for identification because the request was untimely. Defense counsel moved in the Appeals Court pursuant to Mass. R. A. P. 8 (e), 378 Mass. 932 (1979), to have the videotape made part of the record. The Appeals Court allowed his motion on the same day on which the court issued its decision affirming the convictions. We also allow the defendant's motion under rule 8 (e). The better practice is for a trial judge to have an excluded exhibit marked for identification and included in the record on appeal.

Mass. 750, 752 (1995). The defendant argued that the judge erred in excluding from evidence a videotape of the premises and rooftop of the victim's apartment building. The defendant sought to introduce the videotape for the purpose of impeaching the victim's testimony by revealing inaccuracies in her description of the physical layout of the building. The defendant's investigator did testify as to the physical layout of the building.

Videotapes are admissible in evidence "if they are relevant, they provide a fair representation of that which they purport to depict, and they are not otherwise barred by an exclusionary rule." *Commonwealth* v. *Mahoney*, 400 Mass. 524, 527 (1987). See P.J. Liacos, Massachusetts Evidence § 11.13.1, at 678 (6th ed. 1994). The defendant's investigator made the videotape on the day after the victim had testified at trial, which was almost one and one-half years after the crimes had taken place.[8] There was no notice to the district attorney's office.[9] However, the defendant never proffered the videotape as a fair and accurate representation of the premises at the relevant time, that is, the date of the crime. Cf. *Commonwealth* v. *Chipman*, 418 Mass. 262, 270-271 (1994); *Commonwealth* v. *Simmons*, 419 Mass. 426, 430-432 (1995). There was no error or abuse of discretion in the judge's refusal to admit the videotape.

*Judgments affirmed.*[10]

---

[8]The judge explained his ruling to defense counsel as follows: "You are producing physical evidence in the middle of a trial, not informing the Commonwealth that you intend to introduce a video, they are not present during the production of this, it's a year and a half after the day of the event, you don't know what chang[e] occurred inside [or] outside of the building or on the roof. Fine, I understand your position. It's on the record. I deny your motion for leave to introduce the video. I told you in chambers that I would permit you to put on an impeachment witness, your investigator or any other investigators you want to physically describe the building and the alley or whatever else you want described to impeach [the victim's] testimony regarding what she did on the roof. So I'm not precluding you from putting in impeachment evidence. I'm precluding you from putting in the video."

[9]The judge did not specifically rely on the Commonwealth's claim that the defendant failed to comply with the pretrial reciprocal discovery orders. We therefore do not discuss that contention separately.

[10]See note 1, *supra*.