## COMMONWEALTH vs. EDWARD GAJKA.

Bristol. April 10, 1997. - August 15, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Constitutional Law,* Search and seizure, Admissions and confessions, Evidence obtained by private party, State action. *Search and Seizure,* Exigent circumstances, Motor vehicle. *Evidence,* Admissions and confessions. *Practice, Criminal,* Instructions to jury, Verdict, Capital case. *Felony-Murder Rule. Robbery. Accessory and Principal.*

Police who had probable cause to search a vehicle, parked in a public place and apparently capable of being moved, needed no further exigency to justify a warrantless search; the defendant's motion to suppress the items seized was properly denied. [752]

A criminal defendant's cellmate while he was detained before trial was not demonstrated to have been an agent of the government and the defendant's right to counsel was not violated by the cellmate's questioning the defendant and eliciting incriminating statements. [752-753]

No substantial likelihood of a miscarriage of justice was created at a murder trial by the judge's instructions to the jury on felony-murder. [753]

Evidence at the trial of indictments for armed robbery and murder warranted the inference that the stabbing of the victim was part of a plan to rob him. [753-754]

In a criminal case in which the defendant was, without objection, convicted of murder, accessory after the fact to that murder, armed robbery, and accessory after the fact to that armed robbery, there was no substantial likelihood of a miscarriage of justice created by the judge's dismissal of the accessory charges before sentencing. [754-755]

INDICTMENTS found and returned in the Superior Court Department on March 11, 1993.

Pretrial motions to suppress evidence were heard by *Charles F. Barrett,* J., and the cases were tried before him.

*Stephen Neyman* for the defendant.

*Catherine B. Sullivan Ledwidge,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. The defendant appeals from his conviction of murder in the first degree on the theories of felony-murder and extreme atrocity or cruelty and from his conviction of armed

robbery. We reject the defendant's claims of error and his request for relief under G. L. c. 278, § 33E.

The jury would have been warranted in finding that the defendant and Paul Ouellette entered the Fall River apartment of the victim intending to rob him of substantial sums of money that they knew he regularly carried.[1] Ouellette stabbed the victim numerous times in the neck and chest with a knife that the defendant knew Ouellette carried. The defendant and Ouellette took the victim's money. Certain other facts bearing on specific issues will be set forth where appropriate.

The defendant challenges the denial of his motion to suppress certain evidence, the judge's instructions on felony-murder, and the denial of his motion for a required finding of not guilty on the robbery indictment. He also asserts that the judge's dismissal of the two indictments charging accessory crimes did not adequately cure the legally inconsistent verdicts that convicted the defendant of being both a principal in, and an accessory to, the same crimes.[2]

1. The defendant challenges the denial of his motion to suppress the warrantless seizure of a van that a witness identified to the police as the van that had left the area of the homicide shortly after the death was believed to have occurred. The defendant rightly concedes that the police had probable cause to search the van. He asserts, however, that there were no exigent circumstances justifying a warrantless search. When seized, the vehicle was parked in a public place and was apparently capable of being moved. Our recent opinion in *Commonwealth* v. *Motta*, 424 Mass. 117 (1997), held that, given the mobility of such a vehicle, no further exigency is required. *Id.* at 124. The motion to suppress evidence obtained in the van was rightly denied.

2. The defendant also challenges the denial of his motion to suppress incriminating statements that he made to a cellmate while being held in lieu of bail in the Bristol County house of

---

[1]Ouellette pleaded guilty to murder in the second degree and armed robbery and received a life sentence on the murder conviction and a concurrent sentence of from fifteen to twenty years on the armed robbery conviction.

[2]We need not consider the defendant's argument that there was not enough evidence to submit the case to the jury on the theory of murder in the first degree committed with extreme atrocity or cruelty. The conviction of the defendant of murder in the first degree on the theory of felony-murder was error free. Any error in submitting the theory of extreme atrocity or cruelty to the jury was, therefore, not prejudicial.

correction. In the hope that he would receive leniency on charges pending against him, the cellmate successfully requested to become the defendant's cellmate and initiated questioning of the defendant about the homicide. According to the cellmate, the defendant told him incriminating information which the cellmate reported to investigators. He was offered no promises, nor did the authorities ask him to help them. The cellmate was, however, subsequently given favorable treatment.

The motion judge correctly ruled that, in the circumstances, the cellmate was not an agent of the government. See *Commonwealth* v. *Harmon*, 410 Mass. 425, 428 (1991); *Commonwealth* v. *Rancourt*, 399 Mass. 269, 274 (1987). The cellmate's motivation might well cast doubt on the reliability of his testimony, but the government did not encourage his actions or seek his assistance. In the absence of government encouragement, the defendant's right to counsel was not violated by the cellmate's questioning. Cf. *United States* v. *Henry*, 447 U.S. 264, 273-274 (1980).

3. The defendant argues that the judge created a substantial likelihood of a miscarriage of justice by his instructions on felony-murder. We disagree.

The judge made no distinction in his charge between armed robbery, which is inherently dangerous to human life (*Commonwealth* v. *Bourgeois*, 404 Mass. 61, 64 [1989]), and unarmed robbery, which is not (*Commonwealth* v. *Moran*, 387 Mass. 644, 651 [1982]). An unarmed robbery may support a felony-murder conviction only if, in the circumstances, the jury find that the defendant demonstrated a conscious disregard of the risk to human life. *Commonwealth* v. *Mello*, 420 Mass. 375, 391 (1995). Here, the judge instructed the jury that for each felony, armed as well as unarmed robbery, the jury could consider it as the basis of a felony-murder conviction only if they found that the defendant committed or attempted to commit that felony with a conscious disregard of the risk to human life. The defendant did not object to the instruction. Indeed, the instruction was more favorable to the defendant than he was entitled to. There was no miscarriage of justice.

4. There is no merit to the defendant's argument that the judge erred in denying his motion for a required finding of not guilty on the robbery indictment. He makes only one argument: that the evidence did not establish that the stabbing occurred in connection with the taking or attempted taking of any money.

He contends that there was no evidence of a taking of property either by force or by an assault putting in fear (*Commonwealth v. Richards*, 363 Mass. 299, 302 [1973]) and thus no proof of an essential element of robbery. Tested on the appropriate standard (*Commonwealth v. Latimore*, 378 Mass. 671, 676-677 [1979]), the evidence certainly warranted the inference that the defendant and Ouellette went to the victim's home intending to take his money and that Ouellette attacked the victim with a knife, which the defendant knew Ouellette carried, in order to seize the money that the defendant and Ouellette knew the victim carried. The defendant and Ouellette left the victim's apartment with a large sum of money and later divided the proceeds. The jury could have reasonably concluded that the stabbing occurred during a struggle over the money. See *Commonwealth v. Moran*, 387 Mass. 644, 647 (1982). The idea that the defendant and Ouellette may have taken the money as an afterthought following the stabbing, and not as part of a plan to rob the victim, is illogical, particularly in light of evidence that the defendant told his cellmate that he and Ouellette had intended to rob the victim in his home.

5. A defendant may not properly be convicted of a crime and of being an accessory after the fact to the same crime. *Commonwealth v. Berryman*, 359 Mass. 127, 129 (1971). The jury returned verdicts of guilty on each indictment: murder, accessory after the fact to that murder, armed robbery, and accessory after the fact to that armed robbery. The defendant did not object to the judge's instructions concerning permissible verdicts and did not request the judge to send the jury back to deliberate when the inconsistent verdicts were returned. The defendant argues that the verdicts were void and that trial counsel's failure to object created a substantial likelihood of a miscarriage of justice. When the judge considered the sentences to be imposed, on request of the prosecutor, he dismissed each accessory indictment without prejudice.

We recently dealt with a similar situation in *Commonwealth v. Nascimento*, 421 Mass. 677 (1996), where the jury found the defendant guilty of receiving stolen property and of stealing the same property. In that opinion, we said that the dismissal of the indictment for receiving stolen property was an adequate cure for the inconsistencies in the verdicts. *Id.* at 684-685. This is the practice in a majority of jurisdictions in this country. *Id.* at 683-684. The verdicts were not void; they were correctable at

least until they were affirmed and recorded. See *Commonwealth v. Nettis*, 418 Mass. 715, 718-719 (1994); *Commonwealth* v. *Brown*, 367 Mass. 24, 28 (1975). If the jury had been instructed to elect between the principal and accessory charges, there is no reasonable likelihood that they would have rejected guilty findings on the charges of murder and armed robbery in favor of guilty verdicts on the accessory charges. There was no substantial likelihood of a miscarriage of justice in the dismissal of the indictments charging accessory crimes.

6. This case presents no basis for the exercise of our statutory authority under G. L. c. 278, § 33E, in favor of the defendant.

*Judgments affirmed.*