·Commonwealth *vs.* Carlos R. Baez.

Hampden. March 3, 1998. - June 10, 1998.

Present: Wilkins, C.J., Abrams, Lynch, Greaney, & Marshall, JJ.

*Practice, Criminal,* Instructions to jury, Sentence, Capital case. *Homicide. Felony-Murder Rule.*

At the trial of an indictment for murder in the first degree on the theory of felony-murder, with forcible rape of a five year old child as the underlying felony, the judge's failure to instruct the jury that the homicide must be the natural and probable consequence of the felonious act did not create a substantial likelihood of a miscarriage of justice, where, even if the jury had been correctly instructed, there was no likelihood that they would not have found the victim's death to have been a foreseeable consequence of the rape [632-633]; further, there was no merit to the defendant's claim that the Commonwealth did not establish that the victim's death was foreseeable [633].

At the trial of a murder indictment on the theory of felony-murder, the judge's instruction that the underlying felony must have been committed with a conscious disregard of the risk of human life was not deficient or even required, in circumstances in which the underlying felony, forcible rape of a child, was inherently dangerous to human life. [634-635]

A criminal defendant's conviction and concurrent sentence on the felony underlying his conviction of murder in the first degree on the theory of felony-murder were vacated, as duplicative. [635]

Indictments found and returned in the Superior Court Department on May 20, 1994.

The cases were tried before *John F. Moriarty*, J.

*Eric S. Brandt*, Committee for Public Counsel Services, for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for the Commonwealth.

Marshall, J. The defendant was convicted of murder in the first degree on the theories of felony-murder and extreme atrocity or cruelty, and of two acts of forcible rape of a child, G. L. c. 265, § 22A. The victim was the five year old daughter of the woman with whom the defendant lived. On appeal from his

conviction of murder,[1] the defendant argues that the trial judge created a substantial likelihood of a miscarriage of justice by his instructions to the jury on the two theories of murder and on involuntary manslaughter. We affirm the judgment of conviction of murder. The defendant is not entitled to relief pursuant to G. L. c. 278, § 33E. We affirm one judgment of conviction of forcible rape of a child and vacate the other.

1. The jury could have found the following. At about 11 P.M. on May 11, 1994, the defendant telephoned a 911 emergency line seeking an ambulance for the victim, and reported that she was not breathing. When a police officer and paramedics arrived a few minutes later, the victim displayed no signs of life. Despite attempts to resuscitate her at the scene and at a hospital, the victim was pronounced dead shortly afterward. The attending doctor in the hospital's emergency room examined the victim's body and informed the police that there were indications of sexual abuse. The defendant agreed to go to the police station, where, after receiving Miranda warnings, he gave a statement to the police that was later reduced to writing. The defendant also agreed to submit to a "rape kit test" examination. The defendant was then placed under arrest for rape of a child, whereupon he broke down and told a police officer, "I did it a little bit but I didn't mean to kill her." The defendant dictated an additional written statement, after being advised of his Miranda rights a second time, in which he admitted that he had raped the victim, but said that she was alive when the incident was over. He also said that a similar incident had occurred two months before. The defendant later dictated a further written statement to the police in which he admitted suffocating the victim.

The Commonwealth presented medical evidence that the victim had been sexually assaulted, that the cause of death was suffocation, and that it was likely that the victim had been deprived of oxygen for at least eight minutes. There were bruises on the inside of the victim's lips that corresponded to her teeth, which indicated that her lips had been pushed together hard. There were also abrasions on the outside of her lips and the tip of the tongue, which suggested that they had been rubbed against some foreign material. In the medical examiner's opinion, these injuries showed that the child's face had been pressed quite firmly into some object, such as a pillow or bedding, while she was struggling to breathe. There were also ad-

---

[1]The defendant advances no arguments on his rape convictions.

ditional bruises on the victim's right buttock, on her chest, and an internal bruise of her liver.

2. The judge gave the following instructions to the jury on felony-murder:

> "Now, the second form of first degree murder is a murder committed in the course of the commission or attempted commission of a felony in circumstances demonstrating the Defendant's conscious disregard of the risk for human life where the felony is punishable by life in the state prison. It is felony murder, in other words, but where the felony involved is one that is punishable by life in the state prison. Both rape of a child and forcible rape of a child are felonies that are punishable by life in the state prison."[2]

While the judge instructed that the jury had to find the commission or attempted commission of a felony "in circumstances demonstrating the defendant's conscious disregard of the risk to human life," see *Commonwealth* v. *Matchett*, 386 Mass. 492, 508 (1982), the defendant argues that the judge erroneously failed to instruct that the homicide "committed in the course of a felony or attempted felony, be the natural and probable consequence of the act." *Id.* at 505, citing *Commonwealth* v. *Devlin*, 335 Mass. 555, 556-567 (1957). See *Commonwealth* v. *Ortiz*, 408 Mass. 463, 466-467 (1990). Because the defendant did not object to this instruction, we review the claim to determine whether there is a substantial likelihood of a miscarriage of justice. *Commonwealth* v. *Gunter*, *ante* 259, 270 (1998).

In *Ortiz*, *supra* at 467-469, we affirmed convictions of murder in the second degree on the theory of felony-murder where, despite the judge's failure to instruct the jury that death must be

---

[2]The judge also instructed: "[T]here is another concept in our law which is called felony murder. If a killing occurs caused by a Defendant when the Defendant is in the course of committing a felony or attempting to commit a felony and if the circumstances are such as to demonstrate that the Defendant in committing that felony had a conscious disregard of human life and death results, then that is murder within the meaning of the law. . . . Now, if both rape of a child and forcible rape of a child are felonies, so if a person commits either rape upon a child or forcible rape upon a child and does so under such circumstances as to demonstrate that he did so with a conscious disregard for the risk . . . to human life, that constitutes . . . murder within the meaning of the law."

a natural and probable consequence of the felony, the evidence was legally sufficient to support a finding that the homicides in that case were "foreseeable consequences" of "carrying a firearm in a vehicle." *Id.* at 469. Similar reasoning applies here: the judge's omission constituted error,[3] but did not create a substantial likelihood of a miscarriage of justice. The defendant's statement, admitted in evidence, established that he "was pushing her face down into the mattress. [His] chest was on the back of her head and [his] weight was down on her because [he] was excited." The medical examiner testified that it was likely that the victim had been deprived of oxygen for at least eight minutes. This evidence is sufficiently persuasive to counter the contention that there is a substantial likelihood that, correctly instructed, "the jury would not have found that the [homicide was the] natural and probable consequence[] of the felony." *Ortiz, supra* at 469. See *Commonwealth* v. *Gordon*, 422 Mass. 816, 851 (1996) (murder in first degree on theory of felony-murder affirmed where jury warranted in concluding that victim's death was natural and probable consequence of armed robbery); *Commonwealth* v. *Nichypor*, 419 Mass. 209, 215 (1994) (same).

The defendant argues that foreseeability was not established because he did not perceive that the victim would die as a result of the anal rape: he was "excited" at the time, and he had engaged in the same conduct in the past without "such dire results." We disagree. Forcing the face of a five year old child into bedding while she struggles to breathe as she is raped would alert any reasonable person to the danger of death. See *Commonwealth* v. *Welansky*, 316 Mass. 383, 398-399 (1944) ("even if a particular defendant is so stupid [or] so heedless . . . that in fact he did not realize the grave danger, he cannot escape [liability] . . . if an ordinary normal man under the same circumstances would have realized the gravity of the danger"). See also *Nichypor, supra* at 215.

---

[3] The Commonwealth argues that an instruction that death must be "the natural and probable consequence" is unnecessary as a matter of law because our holding in *Commonwealth* v. *Matchett*, 386 Mass. 492, 508 (1982), requires that the predicate felony be "inherently dangerous to human life" or committed "with a conscious disregard for the risk to human life." A death arising during the commission of a felony under either alternative must, it claims, "necessarily" be the natural and probable consequence of a defendant's act in committing a felony. Because of our disposition of the defendant's argument in this case, we note, but do not resolve, the Commonwealth's claim.

The defendant contends that the judge's felony-murder charge was deficient in another respect. To be convicted on a theory of felony-murder, it must be demonstrated that the defendant either committed a felony inherently dangerous to human life or that the defendant acted with a conscious disregard of the risk to human life. *Matchett, supra* at 505. It is with respect to the second, alternative, instruction that the defendant objects on appeal.[4] The judge did instruct the jury that the Commonwealth was required to prove that the defendant acted with "conscious disregard of the risk to human life," but, the defendant argues, the judge should have given the jury "some explanation" of that standard. Instructions on "related standards" for example, third prong malice, he claims, provide the jury with guidelines as to the nature of the requisite risk ("death") and the likelihood that the harm will come to pass ("plain and strong likelihood"). See *Commonwealth* v. *Grey*, 399 Mass. 469, 472 n.4 (1987). See also *Commonwealth* v. *Sneed*, 413 Mass. 387, 394 (1992), quoting *Welansky, supra* at 399 (involuntary manslaughter requires risk of "substantial harm" and "high degree of likelihood" that it will occur). The argument lacks merit. When the crime that serves as the underlying felony for a felony-murder conviction is inherently dangerous to human life, we do not require a judge to instruct the jury in the alternative that the defendant must have committed the felony with a conscious disregard of the risk to human life. See, e.g., *Commonwealth* v. *Mello*, 420 Mass. 375, 391 (1995) ("defendant was not entitled to an instruction on conscious disregard because the underlying felony, arson, is inherently dangerous to human life"). For the purposes of the felony-murder doctrine, the common-law felony of rape is inherently dangerous. See *Commonwealth* v. *Matchett*, 386 Mass. 492, 505 n.15 (1982). In *Commonwealth* v. *Troy*, 405 Mass. 253, 262 (1989), we held that the felony of aggravated rape, G. L. c. 265, § 22 (*a*), is inherently dangerous. A fortiori the felony of forcible rape of a child, G. L. c. 265, § 22A, is inherently dangerous to human life, and where that felony is the predicate for felony-murder a jury need not be instructed as well on "conscious disregard for the risk to human life."[5] Because the judge instructed that the crime must have been committed with a conscious disregard of

---

[4]At trial, the defendant did not object to these instructions.

[5]Where the predicate felony is not inherently dangerous to human life and where we do require a judge to instruct the jury that the defendant acted with

the risk to human life, the defendant received a more favorable instruction than he was entitled to, and his request for relief fails. See *Commonwealth* v. *Gajka*, 425 Mass. 751, 753 (1997); *Commonwealth* v. *Mello*, *supra* at 391-392; *Commonwealth* v. *Simmons*, 417 Mass. 60, 70-71 (1994).[6]

3. The judge imposed concurrent sentences on the defendant for the murder conviction and for both convictions of forcible rape of a child. The defendant has not challenged as duplicative the conviction of forcible rape of a child that occurred on May 11, 1994, the felony that served to support the conviction of murder in the first degree. We have held that a concurrent sentence may not be imposed for the underlying felony when a jury may have reached a verdict of murder on the theory of felony-murder. See *Commonwealth* v. *Berry*, 420 Mass. 95, 113-114 (1995). We therefore vacate the conviction and concurrent sentence on the underlying felony of forcible rape of a child on or about May 11, 1994. *Id.* We affirm the conviction and concurrent sentence of forcible rape of a child on or about March 12, 1994: that conviction was unrelated to the felony-murder charge.

4. We see no reason to reverse the conviction of murder in the first degree or to reduce the conviction to a lesser degree of guilt. G. L. c. 278, § 33E. The evidence against the defendant of this brutal crime was overwhelming.

5. The judgments of conviction of murder in the first degree and conviction of forcible rape of a child on or about March 12, 1994, are affirmed. The judgment of conviction of forcible rape of a child on or about May 11, 1994, is vacated.

*So ordered.*

conscious disregard for the risk to human life, we have never held that a further explanation of this concept is required. See, e.g., *Commonwealth* v. *Tevenal*, 401 Mass. 225, 230 (1987); *Commonwealth* v. *Chase*, 42 Mass. App. Ct. 749, 755 (1997). Contrary to the defendant's argument, the absence of such explanation does not deprive a jury of the opportunity to determine whether the victim's death was foreseeable.

[6]The defendant also claims error in the judge's instruction on murder in the first degree on the theory of extreme atrocity or cruelty. We do not address that claim because we affirm the defendant's conviction of murder in the first degree on the theory of felony-murder. See *Commonwealth* v. *Berry*, 420 Mass. 95, 112 n.16 (1995). He also argues that the instruction on involuntary manslaughter was deficient. At oral argument, the defendant rightly conceded that this claim was without merit. See *Commonwealth* v. *Donovan*, 422 Mass. 349, 352 (1996); *Commonwealth* v. *Campbell*, 352 Mass. 387, 392 (1967).